IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                         CASE NO.: 1:12cr33-SPM

ROBBIN DALE MCRAY,

     Defendant.
_____/

**ORDER FOR PSYCHIATRIC EXAMINATION
TO DETERMINE COMPETENCY AND SANITY**

The defendant's Motion for Psychiatric Examination to Determination Mental Competency and Sanity at Time of Alleged Offense (doc. 29) provides reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect which renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. There is also cause to believe that the defendant was insane at the time of the charged offense. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  Pursuant to 18 U.S.C. § 4247(b), the defendant is committed to the custody of the Attorney General or his designated representative for placement in

a suitable facility in accordance with the guidelines established by 18 U.S.C. § 4247(i).  The period of commitment is for such period of time as needed to fulfill the requirements of this order, but not to exceed thirty days.  The statutory commitment period provided in 18 U.S.C. § 4247(b) shall not commence until the day the defendant arrives at the facility for evaluation.  Until that time, the defendant is in pretrial detention en route to that commitment.

2. The examination shall determine whether the defendant was insane at the time of the charged offense and whether at this time there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  This examination shall be conducted as soon as practicable upon arrival at the facility.

3. The appropriate authorities of the facility shall render as soon as practicable a written report with respect to the matters set forth above.  This report shall be filed with the Court, with copies provided to the defendant's lawyer, Assistant Federal Public Defender Darren J. Johnson, and the Assistant United States Attorney, F.T. Williams.  The report shall include:

    a. The defendant's history and present symptoms;

    b. A description of the psychiatric, psychological, and medical tests that were employed and their results;

  c. The examiner's findings; and

  d. The examiner's opinions as to diagnosis, prognosis, and (1) whether the defendant was insane at the time of the offense charged, and (2) whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

 4. The United States Marshal is directed to transport the defendant to the designated facility at the earliest possible time and in the most expeditious manner for this evaluation.

 5. The Government shall keep the Court and the defendant's lawyer, Darren J. Johnson., apprised of the status of the defendant's examination.

 6. The clerk is directed to provide a certified copy of this order to the United States Marshal's Office in Gainesville, Florida.

 **DONE AND ORDERED** this 18th day of September, 2012.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge

Case No.: 1:12cr33-SPM